UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| In the Matter of the Application of<br><br>ACTION AND PROTECTION FOUNDATION; DANIEL BODNAR,<br><br>For an Order to Conduct Discovery for Use in a Foreign Legal Proceeding pursuant to 28 U.S.C. § 1782.<br><br>_____/ | No. 14-cv-80076 MISC EMC (LB)<br><br>**ORDER GRANTING PETITIONERS' SUPPLEMENTAL APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**<br><br>[Re: ECF No. 24] |

## INTRODUCTION

Action and Protection Foundation, a human rights organization aimed at establishing and protecting a self-governing and independent Hungarian Jewish identity, and its chairman Daniel Bodnar (collectively, "Petitioners") previously filed an *ex parte* application under 28 U.S.C. § 1782 to obtain discovery to use in civil and criminal litigation in Hungary. (Application, ECF No. 1.[1]) That litigation is aimed at hate speech (principally authored in Hungarian) contained on a website called kuric.info and aimed at (among others) Jews of Hungarian origin. Through their application, Petitioners asked the court to allow them to serve subpoenas on Bela Varga, who registered the domain name for kuruc.info, and Cloudflare, which Petitioners believed at that time to be the

---

[1] Citations are to the electronic case file ("ECF") with pin cites to the electronically-generated page numbers at the top of the page.

ORDER (14-cv-80076 MISC EMC (LB))

webhost of kuruc.info. The court granted their application on June 19, 2014. (6/19/2014 Order, ECF No. 23.)

Petitioners now ask the court to allow them to serve subpoenas on (1) Mr. Varga's spouse, Judi Pesti, (2) Leaseweb.com, which Petitioners say is actual webhost of kuric.info, and (3) Umpqua Bank, which Petitioners say is the bank at which supporters of kuric.info send money to Mr. Varga. (Supplemental Application, ECF No. 24.) Upon consideration of the supplemental application and the record in this case, the court grants the supplemental application and orders the discovery set forth below.

**STATEMENT**

As the court described in its June 19, 2014 order, Petitioners filed complaints, and are interested parties, in civil and criminal proceedings in Budapest, Hungary. (Application, ECF No. 1 at 1; Bodnar Decl., ECF No. 2 ¶ 6.) There are two criminal investigations with respect to Kuruc.info pending in Budapest, Hungary: Case No. 01000/2458-1.2013 and Case No. 01030/257/2014. (Bodo Decl., ECF No. 3 ¶ 1; Bodnar Decl. ¶ 6.) Mr. Bodnar says that the investigations will be stymied without the discovery requested in the subpoenas. (Bodo Decl. ¶ 2; Bodnar Decl. ¶ 6.) Two criminal cases had to be suspended for the inability to identify the offender: (a) Case No. 01050/4335-3/2013 (relating to Holocaust denial on Kuruc.info) and (b) Case No. 01050/4253/2013 (same). (Bodo Decl. ¶ 2; Bodnar Decl. ¶ 7.) Mr. Bodnar's civil complaint for defamation (Case No. 1.B.33.088/2013/2) was unable to proceed due to the inability to identify the offender. (Bodo Decl. ¶ 2; Bodnar Decl. ¶ 7.) If the offender is identified, the case may be reopened. (Bodo Decl. ¶ 2; Bodnar Decl. ¶ 7.) The Hungarian courts have no personal jurisdiction over Mr. Varga and Cloudflare. (Application, ECF No. 1 at 7.)

On February 28, 2014, Petitioners filed an application pursuant to 28 U.S.C. § 1782 that asked the court to allow them to file subpoenas on Mr. Varga and Cloudflare to obtain information to be used "in both Criminal and Civil Courts in Hungary, as well by the Hungarian Parliament in order to hold the individuals behind *Kuruc.info* accountable for their illegal conduct, Holocaust denial, and incitement to violence against Jews in Hungary." (*Id.*)

After requiring Petitioners to serve Mr. Varga and Cloudflare with the application and

conducting a hearing on the application on June 18, 2014, the court found that the statutory requirements of 28 U.S.C. § 1782 were met and that the discretionary factors to be considered were satisfied and therefore granted the application. (6/19/2014 Order, ECF No. 23.) The court allowed Petitioners to serve a subpoena on Mr. Varga requiring him to testify about, and bring to the deposition, the following documents:

> 1. All documents, including electronically stored information, related to the website kuruc.info including but not limited to all contracts with Cloudflare Inc. (including the Cloudflare Inc. Terms of Use), documents evidencing all payments made to Cloudflare Inc. for services rendered by Cloudflare Inc. to kuruc.info (including without limitation, webhosting), documents evidencing all complaints made against kuruc.info, documents identifying the reporters, sources, authors, editors, artists, business managers, political lobbyists, sponsors, and/or owners of kuruc.info.
>
> 2. Copies of all bank statements for the Sonoma Bank Account with the last four digits of 2919.
>
> 3. Copies of all checks written on the Sonoma Bank Account with the last four digits of 2919.
>
> 4. Copies of all checks cashed to the Sonoma Bank Account with the last four digits of 2919.
>
> 5. All documents, including electronically stored information, evidencing all deposits received into the Sonoma Bank Account with the last four digits of 2919.
>
> 6. All documents, including electronically stored information, related to funding of kuruc.info, including without limitation documents evidencing from whom money and advertising revenue come, in what amounts, and to whom kuruc.info pays and/or donates money.
>
> 7. All documents, including electronically stored information, constituting communication between Bela Varga, on the one hand, and any other person on the other hand, referring to kuruc.info.

(*Id.* at 3-4; *see* Application, Ex. 1, ECF No. 1 at 15.) With the agreement of Petitioners, the court narrowed the scope of the subpoena and limited it to require only documents from and testimony about the time period January 1, 2010 to the present. (6/19/2014 Order, ECF No. 23 at 8, 10.)

The court also allowed Petitioners to serve a subpoena on Cloudflare requiring it to testify about, and bring to the deposition, the following documents:

> 1. All documents (including electronically stored information) in your possession, custody and control related to the website kuruc.info.
>
> 2. Copies of contracts with and Terms of Use between Cloudflare Inc. and kuruc.info.
>
> 3. Copies of payments for services rendered by Cloudflare Inc. to kuruc.info, including all billing information for kuruc.info.
>
> 4. Copies of all complaints made against kuruc.info.

ORDER (14-cv-80076 MISC EMC (LB))    3

5. All documents (including electronically stored information) evidencing the identities of the authors, editors, artists, business managers, political lobbyists, sponsors, and owners of kuruc.info.

6. All server Jog files relating to kuruc.info.

7. All documents (including electronically stored information) indicating the identity or IP address of any person or persons who have posted information to kuruc.info.

8. All documents (including electronically stored information) in your possession, custody and control related to Bela Varga.

9. Copies of contracts with the Terms of Use between Cloudflare Inc. and Bela Varga.

10. Copies of payments for services rendered by Cloudflare Inc. to kuruc.info, including all billing information for Bela Varga.

(*Id.* at 4; *see* Application, Ex. 1, ECF No. 1 at 18.) Again with the agreement of Petitioners, the court narrowed the scope of the subpoena and limited it to require only documents from and testimony about the time period January 1, 2010 to the present. (6/19/2014 Order, ECF No. 23 at 8, 10.)

As for Mr. Varga, Petitioners say that they were not able to serve him with the subpoena because he is now in Canada and the United States Department of Homeland Security has barred him from reentering the United States for a period of years. (Sweet Decl., ECF No. 25 ¶ 3.) To obtain the information they hoped to obtain from Mr. Varga, Petitioners want to serve two additional subpoenas. First, they want to serve a subpoena on Judi Pesti, who Petitioners say is Mr. Varga's spouse and resides in Healdsburg, California, which lies within this district. (Supplemental Application, ECF No. 24 at 7; Sweet Decl. ¶¶ 3-4.) The proposed subpoena to Ms. Pesti would be identical to the subpoena that Petitioners tried to serve on Mr. Varga. (Supplemental Application, ECF No. 24 at 7.) Petitioners believe that, as Mr. Varga's spouse, Ms. Pesti likely has access to some, if not all, of the documents sought by the subpoena. (Sweet Decl. ¶ 4.)

Second, Petitioners want to serve a subpoena on Umpqua Bank. (Supplemental Application, ECF No. 24 at 7.) As the court explained in its June 19, 2014 order, evidence showed that Mr. Varga maintained an account at Sonoma Bank in Healdsburg, California through which persons could contribute to and support kuric.info. (6/19/2014 Order, ECF No. 23 at 3 (citing Bodnar Decl. ¶ 13 & Ex. 2).) Petitioners say that they "researched Sonoma Bank and the routing number

ORDER (14-cv-80076 MISC EMC (LB))   4

associated with the account and discovered that it is now Umpqua Bank," which has several branches within this district. (Supplemental Application, ECF No. 24 at 7; Sweet Decl. ¶ 5.) The proposed subpoena to Umpqua Bank also would be identical to the subpoena that Petitioners tried to serve on Mr. Varga. (Supplemental Application, ECF No. 24 at 7.)

As for Cloudflare, Petitioners say that they have learned that it is merely a content delivery network ("CDN") and domain name server ("DNS") for kuruc.info and is not the webhost for the site. (Sweet Decl. ¶ 6.) Cloudflare did, however, produce documents in response to the subpoena that showing that the webhost (or at least one of the webhosts) for kuric.info is Leaseweb.com, which has a data center in this district. (*Id.*) Thus, to obtain the information they hoped to obtain from Cloudflare (plus a bit more), Petitioners want to serve Leaseweb.com with a subpoena. (Supplemental Application, ECF No. 24 at 7.) The proposed subpoena to Leaseweb.com requires it to testify about, and bring to the deposition, the following documents:

> 1. All DOCUMENTS ("DOCUMENTS" shall mean all writings, any written, printed, typed, recorded, graphic, or photographic material of any kind or description, however produced or reproduced; any draft or non-identical copy; any telephone messages, personal calendars or diaries; any drawing, sketch, schematic or diagrammatic rendering or other descriptive material; and any retrievable data or information, however stored, recorded, or coded, including email and other information stored on electromagnetically sensitive storage media such as floppy discs, hard discs, laptop or desktop computers and magnetic tapes, this term specifically includes electronically stored information ("ESI") and ESI shall be produced in its native form) in your possession, custody, or control RELATING TO ("RELATING TO" shall mean refer, concern, summarize, demonstrate, constitute, evidence, reflect, contain, study, analyze, consider, explain, mention show, discuss, describe, memorialize, contradict, or comment upon) the website kuruc.info.
>
> 2. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING TO Bela Varga who is known to use the email address bela.varga63@gmail.com.
>
> 3. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING or sent to the email address bela.varga63@gmail.com.
>
> 4. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING TO or constituting agreements between Leaseweb.com and kuruc.info including, but not limited to contracts and Terms of Use.
>
> 6. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING TO or constituting agreements between Leaseweb.com and Bela Varga including, but not limited to contracts and Terms of Use.

7. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING TO or constituting payments for services rendered by Leaseweb.com to kuruc.info.

8. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING TO or constituting payments for services rendered by Leaseweb.com to Bela Varga.

9. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING TO or constituting complaints made against kuruc.info.

10. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING TO or evidencing the identities of the authors, editors, artists, business managers, political lobbyists, sponsors, and owners of kuruc.info.

11. All DOCUMENTS (including electronically stored information) in your possession, custody, or control constituting server log files relating to kuruc.info.

12. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING TO or indicating the identity of any person who, or internet protocol (IP) address of any computer that, has posted information, articles, comments, or otherwise uploaded content to kuruc.info.

13. ALL DOCUMENTS (including electronically stored information) in your possession, custody or control RELATING TO or indicating the technical details of how the systems of Leaseweb.com access the origin server(s) where the content of kuruc.info is hosted.

14. ALL DOCUMENTS (including electronically stored information) in your possession, custody or control RELATING TO or indicating the identity of the hosting provider and the hosted site of kuruc.info including IP address(es), protocol(s), HTTP headers and access codes (if any) that are used to access the hosted content at the hosting provider of kuruc.info by Leaseweb.com and necessary for Leaseweb.com to provide its services (reverse proxy, passthrough security service and a content distribution network) for kuruc.info.

15. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING TO or constituting information, articles, comments, or other content uploaded to kuruc.info.

16. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING TO communications between YOU and any person who, or internet protocol (IP) address of any computer that, has posted information, articles, comments, or otherwise uploaded content to kuruc.info.

17. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING TO communications between or among any persons who, or internet protocol (IP) address of any computer that, has posted information, articles, comments, or otherwise uploaded content to kuruc.info.

18. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING TO or constituting payments for services rendered by Leaseweb.com to kuruc.info.

19. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING TO or constituting billing information for Bela Varga.

20. All DOCUMENTS (including electronically stored information) in your possession, custody, or control RELATING TO or constituting billing information for the email address bela.varga63@gmail.com.

21. All information and DOCUMENTS related to the use of your service(s) to host the content associated with and/or comprising kuruc.info and any subdomains.

22. DOCUMENTS sufficient to identify all names, email addresses, addresses, and telephone numbers associated with the account(s) identified in Request No. 21 above.

23. DOCUMENTS reproducing any other identifying information corresponding to persons or computers who have uploaded files hosted using your service and associated with kuruc.info.

24. DOCUMENTS reproducing all server logs, IP address logs, account information, account access records, and application or registration forms related to the account identified in Request No. 21 above.

25. DOCUMENTS reproducing all e-mails, correspondence, or other material between you and the owner(s) or user(s) of the account identified in Request No. 21 above.

26. All DOCUMENTS related to any service that you have provided to the owner(s) or user(s) of the account identified in Request No. 21 above at any time, whether physically or electronically stored.

27. All DOCUMENTS related to any service that you have provided to any person related to kuruc.info and any subdomains at any time, whether physically or electronically stored.

28. Your records retention policy.

(Sweet Decl., Ex. 1.)  The proposed subpoena requires only documents from and testimony about the time period January 1, 2010 to the present.  (*Id.*)

## ANALYSIS

**I. LEGAL STANDARD**

28 U.S.C. § 1782(a) authorizes foreign tribunals, litigants, and other "interested persons" to obtain discovery in the United States for use in foreign proceedings.  More specifically,

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

ORDER (14-cv-80076 MISC EMC (LB))    7

court.

28 U.S.C. § 1782(a). An "interested person" is one who "possesses a reasonable interest in obtaining [judicial] assistance" and includes a complainant who "triggers" an investigation by a state investigative body or a litigant in a foreign action. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 ( 2004). "A person may not be compelled to give his testimony or to produce a document or other thing in violation of any applicable legal privilege." 28 U.S.C. § 1782(a); *see In re Microsoft Corp.*, 428 F. Supp. 2d 188, 196 (S.D.N.Y. 2006) (quashing section 1782 subpoenas seeking work product).

A section 1782 application for discovery does not require that a formal proceeding in the foreign jurisdiction be currently pending or even imminent. *Id*. at 258-59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id*. at 259 (holding that discovery was proper under § 1782 even though the applicant's complaint against the opposing party was only in the investigative stage). An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas).

A district court has wide discretion to grant or deny discovery under § 1782. *Intel*, 542 U.S. at 260-61, 264-65. In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *See id*. at 264-65. The court also may consider whether the section 1782 request is a "'fishing expedition' or a vehicle for harassment," *In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*, 848 F.2d 1151, 1156 (11th Cir. 1988), abrogated in other part by *Intel*, 542 U.S. at 259; *see Intel*, 542 U.S. at 266; *Lazaridis*, 760 F.

ORDER (14-cv-80076 MISC EMC (LB))    8

Supp. 2d at 115 n.5; and whether the complaint in the foreign jurisdiction is merely pretextual, *see Intel*, 542 U.S. at 266.

A district court's discretion is to be exercised in view of the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts. *See Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2004). There is no requirement that the party seeking discovery establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

When considering an application for discovery pursuant to 28 U.S.C. § 1782, the court considers first whether it has the statutory authority to grant the request and then whether it should exercise its discretion to do so. *Lazaridis v. Int'l Centre for Missing and Exploited Children, Inc.*, 760 F. Supp. 2d 109, 112 (D.D.C. 2011) (citations omitted).

## II. THE STATUTORY REQUIREMENTS ARE MET

The statutory factors are met for the court to issue an order pursuant to 28 U.S.C. § 1782. Ms. Pesti, Umpqua Bank, and Leaseweb.com are found in this district, the discovery sought is "for use" in the foreign civil and criminal proceedings, and Mr. Bodnar is an "interested person" in those proceedings. The court thus considers how the *Intel* factors impact the court's discretionary decision about whether to allow discovery under 28 U.S.C. § 1782.

## III. THE DISCRETIONARY DECISION

The first *Intel* factor is whether Ms. Pesti, Umpqua Bank, and Leaseweb.com are "participant[s] in the foreign proceeding." *Intel*, 542 U.S. at 264. Clearly, Umpqua Bank and Leaseweb.com are not, and nothing in the record suggests that Ms. Pesti is, either. This supports allowing the subpoenas. *Id*. ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.") (citation omitted).

As for the *Intel* second factor, the court explained in its June 19, 2014 order, the inquiry in Hungary is criminal and civil. While there are important procedural protections a criminal suspect

UNITED STATES DISTRICT COURT
For the Northern District of California

has in the United States and presumably in Hungary, *see Matter of Application of O2CNI Co., Ltd.*, No. C 13-80125 CRB (LB), 2013 WL 5826730, at *13 (N.D. Cal. Oct. 29, 2013), the proceedings also are civil, and courts have ordered information regarding names and contact information regarding anonymous internet postings, and that information does not seem inappropriate even if there is a parallel criminal proceeding. *See In Re Guido Gianasso's Application For Issuance of Subpoena to Glassdoor.com Pursuant To 28 U.S.C. § 1872*, No. C 12-80029 MISC SI, 2012 WL 651647, at *2-3 (N.D. Cal. Feb. 28, 2012); *In Re Application For the Appointment of a Commissioner Re Request for Judicial Assistance For the Issuance of Subpoena Pursuant To 28 U.S.C. § 1872*, No. C 11-80136 RS (MEJ), 2011 WL 2747302, at *5-6 (N.D. Cal. July 13, 2011). Similarly, the bank records are relevant to identify the same information. Nothing suggests an attempt to evade foreign proof gathering restrictions or engage in a fishing expedition designed for use in different proceedings. This factor also supports allowing the subpoenas.

As for the third *Intel* factor, he court also noted in its June 19, 2014 order that the record is silent one way or the other about the reciprocity of the foreign government to judicial assistance here. On this record, the court again finds this factor to be neutral.

The fourth *Intel* factor also favors Petitioners. In its June 19, 2014 order, the court noted that the scope of Petitioners' proposed subpoenas was potentially unduly burdensome because they sought all electronically-stored information and lacked time limitations. At the hearing on the application, the court, with Petitioners' agreement, limited the subpoenas to January 1, 2010 to the present and found those time-limited subpoenas to be fine. For their supplemental application, Petitioners' proposed subpoenas to Ms. Pesti, Umpqua Bank, and Leaseweb.com are similarly time-limited. The court also finds that, although Petitioners' proposed subpoena to Leaseweb.com contains many more categories than their subpoena to Cloudflare did, the categories are either the same or substantially similar to the ones in the Cloudflare subpoena. There are more categories, but it does not appear that they require the production of many more documents than the categories in the Cloudflare subpoena did.

## CONCLUSION

For the foregoing reasons, the court grants the application. Petitioners may serve the subpoenas

as described above and with the following conditions:

1. Petitioners may only use the information for the sole purpose of the Hungarian proceedings and may not release any identifying information without a court order authorizing release of the information.

2. Within 7 calendar days after service of the subpoenas, Respondents shall notify subscribers that their identities are sought by Petitioners and serve a copy of this order on each subscriber. Each subscriber whose identity is sought may, within 21 days from the date of the notice, file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). The return date for the subpoena must be set after the expiration of the 21-day period. If the subscriber contests the subpoena, Respondents must preserve (but not disclose) the information sought by the subpoena pending resolution of the case.

3. If Respondents wish to move to quash the subpoena, they must notify Petitioners that they want to do so before the return date of the subpoena. Then, in lieu of a formal motion to quash, the parties must engage in the meet-and-confer and joint-letter-brief process described in the undersigned's standing order. Petitioners must serve a copy of the standing order when it serves the subpoenas.

This disposes of ECF No. 24.

**IT IS SO ORDERED.**

Dated: April 27, 2015

_____
LAUREL BEELER
United States Magistrate Judge